**Omar BELCHER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–0303–CR–273.

Court of Appeals of Indiana.

Oct. 15, 2003.

William F. Thoms, Jr., Thoms & Thoms, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Omar Belcher appeals his conviction for criminal trespass. Specifically, Belcher argues that the trial court erred in admitting the duplicate of an original document under Indiana Evidence Rule 1003 because several portions of the duplicate were covered up. Although we find that the trial court erred in admitting the duplicate, we conclude that the error was harmless be-

cause Belcher testified about the portions of the duplicate that were covered up. We therefore affirm the trial court.

### Facts and Procedural History

On February 23, 2002, Belcher signed a document entitled "Circle Centre Notice of Trespass" that informed Belcher that he was banned from Circle Centre mall property for a period of two years. However, because Belcher was an employee at The Finish Line in the mall at that time, he was allowed to be on mall property if he was working or collecting a paycheck. As of June 2002, Belcher no longer was an employee at The Finish Line.

On July 6, 2002, Indianapolis Police Department Officer Skye Griffin received a dispatch that Belcher was trespassing at Circle Centre Mall. When Officer Griffin arrived at the mall, he observed Belcher enter the mall parking garage. Officer Griffin pursued Belcher up the stairwell, ordered him to stop, and they returned to the street. At this point, a security guard from the mall arrived on the scene and told Officer Griffin that Belcher was on mall property despite the fact that he had been banned from the mall. Officer Griffin arrested Belcher for criminal trespass.

The State subsequently charged Belcher with Criminal Trespass as a Class A misdemeanor.[1] During Belcher's bench trial, the State offered into evidence State's Exhibit 1, which is a photocopy of the Circle Centre Notice of Trespass that Belcher

signed in February 2002. Because a portion of the photocopy is covered up by a photograph that was attached to the original,[2] Belcher objected arguing that the State should be required to introduce the original. The trial court overruled Belcher's objection and admitted the exhibit into evidence. Thereafter, the trial court found Belcher guilty as charged and sentenced him to 365 days incarceration with 362 days suspended. This appeal ensued.

### Discussion and Decision

■ Belcher contends that the trial court erred in admitting State's Exhibit 1 into evidence. Specifically, he argues that the trial court violated Indiana Evidence Rule 1003 because portions of State's Exhibit 1 were covered up. A trial court has broad discretion in ruling on the admissibility of evidence, and we will disturb its ruling only where it is shown that the court abused that discretion. *Griffith v. State*, 788 N.E.2d 835, 840 (Ind.2003). Moreover, an error in admission of evidence will not result in reversal of a conviction if the error is harmless. *Edmond v. State*, 790 N.E.2d 141, 144 (Ind.Ct.App. 2003), *trans. denied.* "Errors in the admission or exclusion of evidence are to be disregarded as harmless error unless they affect the substantial rights of a party." *Crawford v. State*, 770 N.E.2d 775, 779 (Ind.2002).

■ Indiana Evidence Rule 1003 provides, "A duplicate is admissible to the

---

1. Ind.Code § 35–43–2–2(a).

2. A Polaroid picture of Belcher was attached to the Circle Centre Notice of Trespass that evidently could be lifted up to reveal the writing underneath. Specifically, the Polaroid covered a portion of the Notice of Trespass that listed the conditions of Belcher's ban from the mall. The Polaroid also covered a portion of the Notice of Trespass that contained Belcher's signature and his acknowledgement that he understood the ban. There

was also a backside to the Notice of Trespass that explained who was authorized to modify, amend, or rescind the ban. When the State photocopied the Notice of Trespass, it did not remove the picture, leaving the above-described portions of the Notice of Trespass covered up. Therefore, we are unable to read the conditions of Belcher's ban or the scope of his acknowledgment. The State also did not copy the backside of the Notice of Trespass.

same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." Belcher does not argue that a genuine question is raised as to the authenticity of the original; therefore, we only address whether it would be unfair under the circumstances to admit the duplicate of the Notice of Trespass. To that end, this Court held in a pre-Indiana Rules of Evidence case that when addressing the unfairness, we refer primarily to circumstances affecting the trustworthiness of the duplicate for the purpose for which it is offered. *Wilson v. State,* 169 Ind.App. 297, 348 N.E.2d 90, 95 (1976). "Such circumstances might occur where the duplicate is not fully legible or where only a portion of the total original document is offered and the remainder would be useful for cross examination, or might qualify the portion offered, or otherwise be useful to the opposing party." *Id.*

Here, the duplicate of the Notice of Trespass is not fully legible in that two major portions of the document are covered up, specifically, the conditions of Belcher's ban from the mall and his acknowledgement that he understood the ban. As a result, we cannot tell from the duplicate exactly what the conditions of Belcher's ban were or the scope of his acknowledgement. Because the conditions of Belcher's ban and the scope of his acknowledgement have some impact on the determination of whether Belcher was trespassing, it would be unfair to admit the duplicate. Therefore, the trial court erred in admitting State's Exhibit 1.

█ Nevertheless, we conclude that the error was harmless. At trial, Belcher acknowledged signing the Notice of Trespass and testified that despite the ban, he was allowed to be on mall property if he was working or collecting his paycheck. More-over, Belcher testified that he no longer worked for The Finish Line on July 6, 2002, the day he was arrested for criminal trespass, and that he was only in the mall on that day to speak with someone who still worked at The Finish Line. He further testified that he was not picking up a paycheck on that date either. Belcher also did not claim that someone had given him permission to be on mall property on that occasion. In light of Belcher's testimony, we conclude that the error in admitting State's Exhibit 1 was harmless.

Judgment affirmed.

KIRSCH and BAILEY, JJ., concur.

